**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas

MAY 3 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **MONICA LOZANO** | § | |
| **Plaintiff** | § | |
| | § | **B-02·117** |
| **V.** | § | CASE NO. _____ |
| | § | |
| **CONSECO FINANCE SERVICING** | § | |
| **CORPORATION** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Monica Lozano, Plaintiff complains of Conseco Finance Servicing Corporation,

Defendant, and for causes of action shows:

### I. PARTIES

1.     Plaintiff Monica Lozano resides at 3300 S. Casalinda, McAllen, Texas in Hidalgo

County.

2.     Defendant, Conseco Finance Servicing Corporation (hereinafter "Conseco") is a

Delaware Corporation and can be served with process by serving its registered agent for service

of process through CT Corp, 3500 N. St. Paul, Dallas, Texas 75201.

### II. JURISDICTION

3.     Jurisdiction over this matter arises under 11 U.S.C. § 1332.

### III. VENUE

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial

part of the events giving rise to Plaintiff's claim occurred in this district.

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 1**

## IV. FACTS

5.    Monica Lozano and her husband, Gerardo Lozano, went to Conseco's office located in McAllen, Texas in the summer of 2000. At that time, the Lozanos filled out an application seeking to obtain a home equity loan and met with a Conseco representative. Mr. Lozano told the representative that they were seeking a loan with an interest rate of 10.25% or less with a 15-year term. The Conseco representative advised the Lozanos that Conseco could provide them with such a loan.

6.    A few days later, Mr. Lozano went back to the McAllen office but found that it was closed. Mr. Lozano then called Conseco's San Antonio office and spoke to, on information and belief, a Frances Mireles. Ms. Mireles advised Mr. Lozano that the paperwork for the loan had not yet been received but that he could call back in a few days.

7.    About four days later, Mr. Lozano called Conseco's San Antonio office again and spoke to Frances Mireles. Ms. Mireles advised that the loan application had been received and that the next step would be obtaining an appraisal of the home, which Conseco would initiate.

8.    Days later, Conseco sent the loan documents via Federal Express to the Lozanos for their signature. The terms of the loan were not the terms that had been promised. When Mr. Lozano reviewed the loan documents, he called Conseco and asked to speak to Frances Mireles regarding the terms of the loan. Ms. Mireles referred him to a Conseco manager believed to be named Eren Coon or Corn or Corm. Mr. Lozano again told this Conseco employee that they were seeking a loan with a 15-year term and an interest rate of 10.25% or less. The representative advised Mr. Lozano that Conseco would provide them with such a loan. He advised Mr. Lozano to sign the documents and the terms would be "corrected" by the time of the

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 2**

"closing." Mr. Lozano advised that representative that Monica Lozano was not available to sign the documents. The representative told Mr. Lozano to send the documents back with his signature and that Monica Lozano could sign the documents at the time of closing, at which time the terms of the loan would be corrected. Mr. Lozano signed the documents and sent them back. Mrs. Lozano did not sign the documents.

9.      After the conversation with the person believed to be "Eren," the Lozanos were contacted and advised to go to Stewart Title Company where the closing would be concluded and all issues resolved. When the Lozanos arrived at the title company they were told by a representative for the title company that Stewart Title Company could not finalize the closing. The Lozanos were advised that Conseco had not provided all the necessary paperwork. As such, the title company representative stated she could not conduct the closing.

10.     At that time, the Stewart Title Company representative called Eren at Conseco to try to resolve the issues so that the closing could go forward. Eren told the title company to go ahead with the closing and that she would talk to her boss about the incomplete paperwork. The Stewart Title Company representative left to advise her supervisor about the problems. When she returned, the representative of Stewart Title told the Lozanos again that Stewart Title could not do the closing. The Lozanos left the title company without having closed on the loan.

11.     After leaving the title company, Gerardo Lozano received a call from Eren who told him not to worry, that she would take care of everything. When Mr. Lozano asked her about the corrections of the terms of the loan and when Monica Lozano could review and sign the documents, Eren told him that Mrs. Lozano would need to go back to the title company to sign the documents, and by that time, the terms would be corrected.

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 3**

12.    Days later, checks arrived from Conseco, apparently funding the home equity loan, even though no real closing had ever occurred.

13.    After receiving their first statement, the Lozanos called Conseco to speak to Eren about the terms of the loan.  They were advised that Eren was no long with Conseco.  At that time, the Lozanos asked for copies of all their loan documents.  Approximately three months after the request, the Lozanos received copies of some of the loan documents, but not all of the loan documents.

14.    When the Lozanos reviewed the loan documents, they discovered that Monica Lozano's signature had been forged and that the terms of the loan were not what had been promised by Conseco.

## V.  CAUSES OF ACTION

15.    Plaintiff would show that the actions stated in the previous sections of this complaint are violations of the Texas Constitution under the Home Equity Loan provisions, violations of the Texas Deceptive Trade Practices Act, and forgery as that term is defined by the common law of the State of Texas.

## A.  FORGERY

16.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

17.    Defendant or Defendant's agents intentionally forged Mrs. Lozano's name to the loan documents willfully, maliciously or in reckless disregard of Plaintiff's rights.  Forgery is an unlawful and unconscionable act for which a common law court may provide civil remedies under the common law of the State of Texas.

## B.  MENTAL ANGUISH

18.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

19.    Defendant or Defendant's agents intentionally forged Mrs. Lozano's name to the loan documents willfully, maliciously or in reckless disregard of Plaintiff's rights.  Forgery is an unlawful and unconscionable act for which a common law court may provide civil remedies under the common law of the State of Texas.  Such act of forgery was deceptive, unlawful and constituted unconscionable conduct, which Defendant intended to cause mental anguish to Plaintiff or which Defendant could reasonably anticipate would result in mental anguish to Plaintiff.  Plaintiff has suffered severe mental anguish as a result of Defendant's actions.

## C.  VOIDNESS OF LOAN PURSUANT TO ARTICLE 16, SEC. 50 OF THE TEXAS CONSTITUTION

20.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

21.    The Home Equity Loan allegedly made by Conseco to Plaintiff herein violates Article 16, Sec. 50(a)(6) of the Texas Constitution and is thus void under Section 50(c).  The home equity loan funded by Conseco was not done with Plaintiff's consent or agreement, and in fact was forged.  This loan purported to be an extension of credit which Conseco secured by placing a lien on Mrs. Lozanos' homestead pursuant to the Texas Constitution, Article 16, Sec. 50(a), *et seq.*

22.    The loan violated the provisions of Article 16, Sec. 50 of the Texas Constitution including, but not limited to:

    1.    Sec. 50(a)(6)(A), because the extension of credit is not secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse;

2.    Sec. 50(a)(6)(B), because it was in a principal amount that exceeded 80%

of the fair market value of the homestead on the date the loan was made;

3.    Sec. 50(a)(6)(E), because Defendant required the owner and the owner's

spouse to pay, in addition to any interest, fees that are necessary to

originate, evaluate, maintain, record, insure or service the extension of

credit that exceed in the aggregate, three percent of the principal amount of

the loan;

4.    Sec. 50(a)(6)(M), because it was closed within twelve days of the lender

providing Plaintiff with a copy of the Section 50(g) disclosure, because

Conseco did not provided Plaintiff with any such disclosure;

5.    Sec. 50(a)(6)(N), because the law restricts the closing of a home equity

loan to the office of the lender, a title company or the office of any

attorney at law.  In this case the alleged closing was conducted in the

Plaintiffs' home and by mail or Federal Express;

6.    Sec. 50(a)(6)(Q)(iii), because the loan was not made on the condition that

the owner of the homestead not sign any instruments with blanks left to be

filled in;

7.    Sec. 50(a)(6)(Q)(v), because Conseco did not, on the day of the closing,

provide Monica Lozano with a copy of all documents relating to the loan;

8.    Sec. 50(a)(6)(Q)(viii), because the loan was not made on the condition that

the owner and his spouse could rescind within three days.

23.    Plaintiff seeks a declaration that the purported lien in favor of Conseco be

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 6**

declared void under Article 16, Sections 50(a)(6) and 50(c) of the Texas Constitution. Plaintiff seeks actual damages against Defendant. Conseco's conduct is a flagrant violation of the requirements of the Texas Constitution.

### D. DECLARATORY JUDGMENT

24.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

25.    Plaintiff seeks a declaration and declaratory judgment that the purported lien against the property at 3300 S. Casalinda, McAllen, Texas is void under Article 16, Sec. 50(a)(6) of the Texas Constitution.

26.    Plaintiff is entitled to her attorneys' fees pursuant to the Texas Civil Practice and Remedies Code § 37.009.

### E. FORFEITURE

27.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

28.    Plaintiff seeks forfeiture of all principal and interest under the extension of credit pursuant to Article 16, Sec. 50(a)(6)(Q)(x) of the Texas Constitution for Defendant's actions under such section.

### F. DECEPTIVE TRADE PRACTICES

29.    Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

30.    Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and

Commerce Code, by committing forgery and by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

31.    Plaintiff would show that the acts, practices and/or omissions complained of where the producing cause of Plaintiff's damages, including actual damages and damages for mental anguish.

32.    Plaintiff seeks actual damages, including damages for mental anguish, treble damages, and attorneys' fees as provided by Section 17.41 *et seq.* of the Texas Business and Commerce Code.

## VI.  ATTORNEYS' FEES

33.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

34.    Plaintiff seeks to recover attorneys' fees for the claims set forth above.  Plaintiff seeks to recover its court costs and attorneys' fees as provided by law.

## VII.  EXEMPLARY DAMAGES

35.    Plaintiff seeks to recover exemplary damages pursuant to Texas Common Law for Forgery, Section 41.008 of the Texas Civil Practices & Remedies Code, and Section 32.21 of the Texas Penal Code as Defendant's conduct was committed knowingly or intentionally and rising to the level of a criminal felony as described in Section 32.21.

## VIII.  CONDITIONS PRECEDENT

36.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

37.    All conditions precedent to the relief sought herein have occurred.

## IX.  JURY DEMAND

38.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

PLAINTIFF'S ORIGINAL COMPLAINT - Page 8

39.    Plaintiff requests that this case be tried before a jury.

## X.  DAMAGES

40.    Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

41.    Thus, Plaintiff requests the following damages:

1.    Actual and/or economic damages and damages for mental pain and suffering;

2.    Treble damages;

3.    An award of forfeiture against Defendant for principal and interest pursuant to Article 16, Sec. 50(6)(Q)(x) of the Texas Constitution;

4.    A declaration pursuant to Article 16, Sec. 50(a)(6) and 50(c) of the Texas Constitution that the lien of Conseco against the property at 3300 S. Casalinda, McAllen, Texas is void and unenforceable;

5.    Exemplary and/or punitive damages;

6.    Costs of court;

7.    Pre-judgment interest;

8.    Post-judgment interest; and

9.    Reasonable and necessary attorney's fees.

## XI.  PRAYER

WHEREFORE, premises considered, for the reasons stated above, Plaintiff Monica Lozano respectively prays that the Court order the following:

1.    That Defendant Conseco Finance Servicing Corporation be cited to appear and answer;

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 9**

2. That the lien securing the alleged loan be canceled for the Plaintiff;

3. That Defendant pay an award of actual, treble, exemplary and punitive damages in an amount to be determined at trial;

4. A declaration pursuant to Article 16, Sec. 50(a)(6) and 50(c) of the Texas Constitution that the lien of Conseco against the property at 3300 S. Casalinda, McAllen, Texas is void and unenforceable;

5. That Defendant be required to forfeit all principal and interest under the loan pursuant to Article 16, Sec. 50 of the Texas Constitution;

6. That Defendant pay costs of court;

7. That Defendant pay reasonable attorneys' fees;

8. The Plaintiff be awarded pre-judgment and post-judgment interest at the highest lawful rate; and

9. All other relief the Court deems appropriate.

Respectfully submitted,

**Law Offices of John Ventura, P.C.**

By _John Ventura_ _____
   John Ventura
   State Bar No. 20545700

62 East Price Road
Brownsville, Texas 78521
(800) 424-0352 - Telephone
(956) 542-1478 - Telecopy

**PLAINTIFF'S ORIGINAL COMPLAINT - Page 10**

Karen L. Kellett
The Kellett Law Firm,
A Professional Corporation
Founders Square
900 Jackson Street, Suite 102
Dallas, Texas 75202
(214) 292-3660 - Telephone
(214) 744-3661 - Telecopy

ATTORNEYS FOR PLAINTIFF