IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MONICA LOZANO<br>  Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. B-02-117 |
| CONSECO FINANCE SERVICING<br>CORP.<br>  Defendant. | §<br>§<br>§ | |

### CONSECO FINANCE SERVICING CORP.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

CONSECO FINANCE SERVICING CORP. ("Conseco" or "Defendant"), Defendant herein, files its Original Answer.

### I. PARTIES

1.   Regarding Paragraph 1 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averment, therefore it is denied.

2.   Regarding Paragraph 2 of the Original Complaint, Conseco admits the allegations.

### II. JURISDICTION

3.   Regarding Paragraph 3 of the Original Complaint, Conseco denies that this Court has jurisdiction over this matter under 11 U.S.C. §1332.   There is no statute at 11 U.S.C. § 1332.

### III. VENUE

4.   Regarding Paragraph 4 of the Original Complaint, Conseco denies that venue is proper in this District.

483025-1:GREF:0034

## IV. FACTS

5.  Regarding Paragraph 5 of the Original Complaint, Conseco admits the second sentence of Paragraph 5. Regarding the balance of Paragraph 5 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

6.  Regarding Paragraph 6 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

7.  Regarding Paragraph 7 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

8.  Regarding Paragraph 8 of the Original Complaint, as to all of the allegations except for the last sentence of that paragraph, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied. With respect to the last sentence contained in Paragraph 8, Conseco denies that Mrs. Lozano did not sign the documents.

9.  Regarding Paragraph 9 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

10. Regarding Paragraph 10 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

11. Regarding Paragraph 11 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

12. Regarding Paragraph 12 of the Original Complaint, Conseco admits that the home equity loan was funded, but as to the particular allegations contained in Paragraph 12, Conseco denies that checks were sent to the Lozanos for the amount of the loan and denies that no real closing occurred.

13. Regarding Paragraph 13 of the Original Complaint, Conseco is without knowledge or information sufficient to form a belief as to the truth of the averments, therefore they are denied.

14. Conseco denies the allegations in Paragraph 14 of the Original Complaint.

## V. CAUSES OF ACTION

15. Regarding Paragraph 15 of the Original Complaint, Conseco denies the allegations contained therein.

### A. FORGERY

16. Regarding Paragraphs 16-17 of the Original Complaint, Conseco denies the allegations contained therein.

### B. MENTAL ANGUISH

17. Regarding Paragraphs 18-19 of the Original Complaint, Conseco denies the allegations contained therein.

### C. VOIDNESS OF LOAN PURSUANT TO ARTICLE 16, SEC. 50 OF THE TEXAS CONSTITUTION

18.  Regarding Paragraphs 20-23 of the Original Complaint, Conseco denies the allegations contained therein.

### D. DECLARATORY JUDGMENT

19.  Regarding Paragraphs 24-26 of the Original Complaint, Conseco denies the allegations contained therein.

### E. FORFEITURE

20.  Regarding Paragraphs 27-28 of the Original Complaint, Conseco denies the allegations contained therein.

### F. DECEPTIVE TRADE PRACTICES

21.  Regarding Paragraphs 29-32 of the Original Complaint, Conseco denies the allegations contained therein.

### VI. ATTORNEYS' FEES

22.  Regarding Paragraphs 33-34 of the Original Complaint, Conseco denies the allegations contained therein.

### VII. EXEMPLARY DAMAGES

23.  Regarding Paragraph 35 of the Original Complaint, Conseco denies the allegations contained therein.

### VIII. CONDITIONS PRECEDENT

24.  Regarding Paragraphs 36-37 of the Original Complaint, Conseco denies the allegations contained therein.

### IX. JURY DEMAND

25. Regarding Paragraphs 38-39 of the Original Complaint, there are no allegations to deny.

### X. DAMAGES

26. Regarding Paragraphs 40-41 of the Original Complaint, Conseco denies the allegations contained therein.

### XI. AFFIRMATIVE DEFENSES

27. Each of the following affirmative defenses are asserted in the alternative:

a. Conseco pleads estoppel;

b. Conseco pleads waiver; and

c. Conseco would show that Plaintiff has failed to join an indispensable party to this litigation.

### XII. REQUEST FOR ARBITRATION

28. Conseco would show that the agreements between it and the Lozanos are subject to a mandatory arbitration clause and that it seeks a referral of this lawsuit to arbitration pursuant to such clause. A copy of the arbitration provision is attached hereto and incorporated herein for all purposes as Exhibit "A".

WHEREFORE, PREMISES CONSIDERED, Defendant, CONSECO FINANCE SERVICING CORP., prays that Plaintiff, MONICA LOZANO, take nothing by her action and that Defendant has and recovers costs, together with such other and further relief, general or special, legal or equitable, to which Defendant may show itself justly entitled.

Respectfully Submitted

HUGHES, WATTERS & ASKANASE, L.L.P.

_____
Rod Hardie; State Bar No. 08960500
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
ATTORNEYS FOR DEFENDANT
CONSECO FINANCE SERVICING
CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of August, 2002, a true and correct copy of the foregoing has been forwarded by certified mail, return receipt requested to the following:

John Ventura
LAW OFFICE OF JOHN VENTURA
62 E. Price Road
Brownsville, TX 78521

Karen Kellett
THE KELLETT LAW FIRM, PC
Founders Square
900 Jackson Street, Suite 102
Dallas, Texas 75201

_____
Rod Hardie

GT-15-44-001a (12/99)

| Lender | Borrower | Loan Info |
|---|---|---|
| Conseco Finance Servicing Corp.<br>70 NE Loop 410<br>Suite 295<br>San Antonio, Texas 78216<br><br>**LENDER'S NAME AND ADDRESS**<br>"You" means the Lender, its successors and assigns. | Gerardo Lozano<br>3300 S. Casalinda<br>Mcallen, TX 78501<br><br><br><br>**BORROWER'S NAME AND ADDRESS**<br>"I" includes each Borrower above, jointly and severally. | Application # 000721204<br>Loan Number ___6908327197___<br>Date ___August 23, 2000___<br>Maturity Date September 6, 2020<br>Loan Amount $ ___80,250.00___ |

TERMS FOLLOWING A ___ APPLY ONLY IF CHECKED

__X__ THIS NOTE CONCERNS AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.

## TEXAS HOME EQUITY REAL ESTATE NOTE
(Cash Out - First Lien)

For value received, I promise to pay to you at your address listed above the PRINCIPAL sum of __Eighty Thousand Two Hundred Fifty and No/100__ Dollars $ __80,250.00__.

I will receive all of this principal sum on ___08/27/2000___. No additional advances are contemplated under this note.

INTEREST: I agree to pay interest on the outstanding principal balance from __August 27, 2000__ at the rate of __16.750__

_____ % per year until __September 6, 2020__.

N/A Variable Rate: This rate may then change as stated below.

Change Dates: Each date on which the interest rate may change is called a "Change Date." The interest rate may change _____ and on every _____ thereafter.

The Index: Beginning with the first Change Date, the interest rate will be based on the following Index: _____

The most recent Index value available as of the date ___ 45 days ___ _____ before each Change Date is called the "Current Index."

Calculation of Change: Before each Change Date, the Lender will calculate the interest rate, which will be _____ the Current Index. The result of this calculation will be rounded _____. The new interest rate will become effective on each Change Date. Subject to any limitations below, this will be the new interest rate until the next Change Date, or, if there is no next Change Date, at maturity (whether by expiration of time, acceleration or otherwise).

Limitations: The per annum interest rate will never be greater than _____ % or less than _____ %. ___ The per annum interest rate will never change on any single Change Date by more than _____ %.

Effect of Variable Rate: A change in the interest rate will have the following effect on the payments:
___ The amount of each scheduled payment will change.

Statutory Ceiling - The interest rate in effect on this note shall not at any time be greater than the maximum interest rate allowed by law for loans of this type.

___ This maximum interest rate will be the quarterly ceiling rate announced by the Consumer Credit Commissioner from time to time hereafter.

ACCRUAL METHOD: Interest will be calculated on a __30/360 day__ basis.

__X__ LATE CHARGE: If a payment is more than __10__ days late, I will be charged __5.000% of the payment or $10.00, whichever is greater.__

__X__ NSF FEE: If any instrument which I submit to you is returned unpaid for any reason, I will pay you a fee of __$25.00__

__X__ ADDITIONAL CHARGES: In addition to interest, I agree to pay the following charges which __X__ are ___ are not included in the principal amount above: __See Addendum A__

POST-MATURITY INTEREST - Interest will accrue at the rate of __16.750__ % per year on the principal balance of this note not paid on the date of the last scheduled payment of principal. Interest will accrue at a rate of __16.750__ % per year on the balance of this note from the date we accelerate the maturity of this note and demand immediate payment in full.

PAYMENTS: I agree to pay this note as follows:

        240 payments of $1,161.88 starting on October 6, 2000
        and on the 6th day of each month thereafter.

REAL ESTATE NOTE
© 1997 Bankers Systems, Inc., St. Cloud, MN Form GT-RENTLZ-TX 12/29/99

Form #100067   _signatures_   GT-15-44-011a (12/99) (page 1 of 4)

Exhibit "A"

SECURITY: This note is secured by a separate H⬛ Equity Deed of Trust dated August ⬛3, 2000
Additional identification (optional)

## ADDITIONAL TERMS OF THE NOTE

**GENERALLY** - The headings at the beginning of each section are for convenience only and are not to be used in interpreting the text of the section.

I agree to cooperate with you regarding any requests after closing to correct errors made concerning this contract or the transaction and to provide any and all additional documentation deemed necessary by you to complete this transaction. I agree that you may enforce this agreement by judicial process and are entitled to attorneys' fees, costs and disbursements incident to such enforcement.

**DEFINITIONS** - "I," "me" or "my" means each Borrower who signs this note. "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW; SEVERABILITY** - The interest charged, contracted for, and received on this loan, including fees and charges constituting interest under federal statutory or regulatory law, is governed by the laws of the State of ___Texas_____. All other terms of this loan are governed by the laws of the State of _____Texas_____.

Any provision in this note, any agreement securing this note, attachments, or any agreement related to this note that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any provision of this note cannot be enforced according to its terms, that provision will be severed and will not affect the enforceability of the remainder of this note.

**PAYMENTS** - Unless otherwise required by law, each payment I make on this loan will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. The actual amount of my final payment will depend on the interest rates in effect from time to time (if variable) and my payment record.

**PREPAYMENT** - I will not pay a penalty upon prepayment unless otherwise stated in the next sentence. If I prepay in full within ___N/A___ months of the date of this note, I will pay you a penalty of _____N/A_____.
Partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full.

**INTEREST AND OTHER CHARGES** - In no event shall any provision of this note or any other instrument evidencing or securing this note ever obligate me to pay, or allow you to collect, interest on this loan at a rate greater than the maximum non-usurious rate permitted by applicable law. In the event that any law is interpreted so that any charge provided for in this note and/or any other instrument evidencing or securing this note, violates such law by reason of the acceleration of the note or otherwise, such charge is hereby reduced to eliminate such violation. Any amounts paid to you in excess of the amounts permitted by applicable law shall be applied to reduce the principal of the note, or at your option, shall be refunded.

**INDEX** - If you and I have agreed that the interest rate on this note will be variable and will be related to an Index, then the Index you select will function only as a tool for setting the per annum interest rate on this note. You do not guarantee, by selecting any Index, that the interest rate on this note will have a particular relationship to the interest rate you charge on any other loans or any type or class of loans with your other customers.

**ACCRUAL METHOD** - The amount of interest that I will pay on this loan will be calculated using the interest rate and accrual method stated on page 1. For interest calculation, the accrual method will determine the number of days in a year. If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.

**SINGLE ADVANCE LOANS** - This is a single advance loan. You and I expect that you will only make one advance of principal. However, you may add other amounts to the principal if you make any payments described in the PAYMENTS BY LENDER section below.

**PAYMENTS BY LENDER** - You are authorized to pay, on my behalf, charges I am obligated to pay (such as property insurance premiums). You may treat those payments made by you as advances and add them to the unpaid principal under this note, or you may demand immediate payment of the charges.

**NO ADDITIONAL COLLATERAL** - The phrase "Homestead Property" as used here means the property described in the Home Equity Deed of Trust referenced on Page 1. This loan is secured solely by my Homestead Property. Neither you nor any other party has required any collateral other than my Homestead Property to secure this loan.

Any provision contained in any other document between the parties or with any third party, including but not limited to a deposit agreement, security agreement, pledge, security instrument, mortgage, deed of trust, or other loan agreement, which gives you a security interest in any personal or real property other than my Homestead Property shall not apply to this loan.

Any right of set-off, whether occurring by operation of law or by other contract between the parties, is specifically waived and disclaimed by you as to this loan and shall not apply.

**DEFAULT** - I will be in default on this loan and any agreement securing this loan if:
(a) I fail to make a payment as required by this loan; or
(b) I fail to pay taxes properly levied against the homestead property securing this note when due; or
(c) I fail to perform any of the material obligations included in any agreement securing this note.
If any of us are in default on this note or any agreement securing this loan, you may exercise your remedies against any or all of us.

**REMEDIES** - If I am in default on this loan and after giving notice if required by law, you may:
(a) Make unpaid principal, earned interest and all other agreed charges I owe you under this loan immediately due;
(b) Make a claim for any and all insurance benefits or refunds that may be available on my default;
(c) Use any remedy you have under state or federal law; and
(d) Use any remedy given to you in any agreement securing this loan.
By choosing any one or more of these remedies you do not give up your right to use another remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it continues or happens again.

© 1997 Bankers Systems, Inc., St. Cloud, MN Form GT-REN1LZ-TX 12/29/99

GT-15-44-011a (12/99) (page 2 of 4)

_signatures_ m.B.

**ADDITIONAL TERMS OF THE NOTE (CONT.)**

NOTICE OF FAILURE TO COMPLY; RIGHT TO COMPLY; FORFEITURE - I agree to provide written notice to you of your failure to comply with your obligations under this loan. I agree to provide this written notice in a manner that provides proof of delivery to you by a third party, such as by certified or registered US Mail, licensed courier, or express mail service.

After providing the written notice described in the preceding paragraph, I agree to provide you reasonable time to comply with your obligations under this loan. I further agree that you may, for the sole purpose of complying with your obligations under Section 50, Article XVI of the Texas Constitution, amend or modify this note or any other document related to this loan by providing a written correction notice to me. I agree that your right to comply as provided in this provision shall survive payoff of the loan.

You will forfeit all principal and interest of this loan if you fail to comply with your obligations under the loan within a reasonable time after I have provided written notice to you of your failure to comply.

You and I agree that for the purposes of this provision and any other provision of the loan related to possible forfeiture of principal and interest by you, the phrase "reasonable time" as it relates to your right to comply with your obligations under this loan means 60 consecutive calendar days.

COSTS OF COLLECTION AND ATTORNEYS' FEES - I agree to pay you all reasonable costs you incur to collect this debt or realize on any security. Unless prohibited by law, this includes the reasonable attorneys' fees you incur after my default, provided the attorney is not your salaried employee. This provision also shall apply if I file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against me by another.

ARBITRATION - All disputes, claims, or controversies arising from or relating to this note or the relationships which result from this note, or the validity of this arbitration clause or the entire note, shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this arbitration agreement. I agree that shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or relating to this note. The parties agree and understand that the arbitrator shall have all powers provided by law and the note. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this note, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

OBLIGATIONS INDEPENDENT - Subject to the "PERSONAL LIABILITY" provision below, I understand that my obligation to pay this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this loan.

PERSONAL LIABILITY - This note and the security instrument are without recourse for personal liability against me and my spouse, unless I or my spouse obtained the loan by actual fraud. Absent actual fraud, you can enforce your rights under the security instrument solely against the homestead property and not personally against me or my spouse. If the loan is obtained by actual fraud, I, having signed the note, will be personally liable for the payment of any amounts due under the note or the security instrument and a personal judgment may be obtained against me, including a judgment for any deficiency that results from your sale of the homestead property for an amount less than is owing under the note.

WAIVER - I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor, notice of protest, notice of intent to accelerate and notice of acceleration.

PRIVACY - I agree that from time to time you may receive credit information about me from others, including other lenders and credit reporting agencies. I agree that you may furnish on a regular basis credit and experience information regarding my loan to others seeking such information. To the extent permitted by law, I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

**PURPOSE:** The purpose of this loan is __Refi●●ce__
**ADDITIONAL TERMS:**

This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 N. Lamar Blvd., Austin, TX 78705-4207; Phone (800) 538-1579 or (512) 936-7600. Contact the Commissioner relative to any inquiries or complaints. (VTCA 2:14001)

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE INCLUDING THOSE ON PAGES 1, 2, 3, AND 4.**

THIS NOTE CONSTITUTES A "WRITTEN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

DO NOT SIGN IF THERE ARE ANY BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.

| I MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE. |

**SELLER'S SIGNATURE:**

| Signature | Date | Signature  Gerardo Lozano | 8/23/00 Date |
|---|---|---|---|
| Signature | Date | Signature  Monica Bercin | 8/23/00 Date |
| Signature | Date | Signature | Date |

© 1997 Bankers Systems, Inc., St. Cloud, MN Form GT-REN1LZ-TX 12/29/99

GT-15-44-011a (12/99) *(page 4 of 4)*

App #: 0007212045

## ADDENDUM A
### Additional Finance Charges to Note

| | |
|---|---:|
| 801 Loan Origination Fee | $300.00 |
| 809 Points/Prepaid Interes | $2,407.50 |
| 1101 Settlement or Closing fee | $150.00 |
| **TOTAL** | $2,857.50 |

Borrower Initials: _[signature]_  _m.B_

112360