IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MONICA LOZANO<br>Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. B-02-117 |
| CONSECO FINANCE SERVICING<br>CORP.<br>Defendant. | §<br>§<br>§<br>§ | |

**CONSECO FINANCE SERVICING CORP.'S
<u>MOTION TO ABATE AND TO COMPEL ARBITRATION</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CONSECO FINANCE SERVICING CORP. ("Conseco"), Defendant in the above-styled and numbered cause, and file this Motion to Abate and to Compel Arbitration, and in support thereof, would show the Court as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1.  Plaintiff filed the above proceeding against Conseco claiming damages for an alleged forgery, alleged violations of the Texas Deceptive Trade Practices Act and alleged violations of the Texas Constitution, Article 16, Section 50. In addition to actual damages, Plaintiff seeks forfeiture, declaratory relief and punitive damages.

2.  In August, 2000, Conseco made a home equity loan to Plaintiff and her husband. Plaintiff contends that her signature was forged to the loan documents. Plaintiff does not dispute her husband's signature on the loan documents. Further, Plaintiff has alleged in her Complaint that she and her husband filled out an application for a home equity loan with Conseco. Interestingly, Plaintiff, along with her husband, had previously filed this same lawsuit in State Court in Hidalgo County. However, that

483436-1:GREF:0034

lawsuit was subsequently non-suited by Plaintiff and her husband. When this lawsuit was filed, Plaintiff asserted the same claims, but her husband was not made a Plaintiff. The Promissory Note executed in connection with the home equity loan contains an arbitration clause. The arbitration clause in said Promissory Note is as follows:

> All disputes, claims, or controversies arising from or relating to this note or the relationships which result from this note, or the validity of this arbitration clause or the entire note, shall be resolved binding arbitration by one arbitrator selected by you with my consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws, including but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this arbitration agreement. I agree that I shall not have the right to participate as a representative or a member of any class of claimants pertaining to any claim arising from or related to this note. The parties agree and understand that the arbitrator shall have all powers provided by law and the note. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this note, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

3.  Because Plaintiff's claims against Conseco are within the purview of the Arbitration Agreement, the disputes raised by the Plaintiff should be settled by arbitration and the above-styled and numbered lawsuit should be abated.

4.  Conseco has demanded that this dispute raised by the Plaintiff be submitted to arbitration.

## PUBLIC POLICY FAVORS ARBITRATION

5.  Texas public policy favors arbitration. See EZ Pawn Corporation v. Mancias, 934 S.W. 2d 87,90 (Tex. 1986); Capital Income Properties LXXX, et al. v. Blackmon, 843 S.W.2d 22, 23 (Tex. 1992); Anglin Co., Inc. v. The Honorable Arthur Tipps, 842 S.W.2d 266, 268 (Tex. 1992); L.H. Lacy Co. v. City of Lubbock, 559 S.W.2d 348, 351 (Tex. 1977); Manes v. Dallas Baptist College, 638 S.W.2d 143, 145 (Tex. App. – Dallas 1982, writ ref'd). In fact, under Texas law, agreements to arbitrate are valid, enforceable and irrevocable. Section 171.001 of the Texas Civil Practice and Remedies Code provides:

> (a) A written agreement to arbitrate is valid and enforceable if the agreement is to arbitrate a controversy that:
>    (1) exists at the time of the agreement; or
>    (2) arises between the parties after the date of the agreement.
>
> (b) A party may revoke the agreement only on a ground that exists at law or in equity for the revocation of a contract.

TEX. CIV. PRAC. & REM. CODE. ANN. § 171.001 (West 1998). In fact, the Court is required to order the parties who contracted to arbitrate to proceed with arbitration upon one party's showing of the existence of the arbitration agreement and the opposing party's refusal to arbitrate. TEX. CIV. PRAC. & REM. CODE. ANN. § 171.001 (West 1998).

6. The Supreme Court in <u>Southland Corp. Keating</u>, 465 U.S. 1, 10 (1984) declared, "a national policy favoring arbitration." Additionally, the Supreme Court, in <u>Mastrobuono v. Shearson Lehman Hutton, Inc.</u>, 514 U.S. 52 (1995), reaffirmed that if the parties agree for issues to be arbitrated within the terms of their agreement, then the Federal Arbitration Act insures that their agreement will be enforced according to its terms. The arbitration provision in the contract, the subject of this Motion, provides "all disputes arising under case law, statutory law, and all other laws, including but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this agreement." The arbitration clause in question further provided that it be governed under the terms of the Federal Arbitration Act.

7. The Supreme Court in <u>Mastrobuono</u> stated as follows:

> "In <u>Southland,</u> we explained that the FAA not only 'declared a national policy favoring arbitration,' but actually 'withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.' 465 U.S., at 10, 104 S. Ct. at 858." <u>Mastrobuono,</u> 514 U.S. at 56.

**FEDERAL ARBITRATION ACTION**

8. The Federal Arbitration Act recognizes the validity, enforceability and irrevocability of arbitration agreements.

> "The written provision of any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration or a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration and existing controversy arising out of such a contract, transaction, or refusal shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract [9 U.S.C. A § 2 (197)]."

9. The Supreme Court in <u>Doctors' Associates, Inc.</u>, has determined that the Federal Arbitration Act provides that courts may not invalidate arbitration agreements under state laws applicable only to arbitration provisions. <u>Doctors' Associates, Inc.</u>, at 1654-1656. That is, only state laws which apply to all contracts may be used to determine the enforceability of an arbitration agreement.

10. Even though Plaintiff's alleged forgery claim relates to the invalidity of the contract, arbitration will still apply. The arbitration clause states that:

> "All disputes, claims, or controversies arising from or relating to this note or the relationships which result from this note, or the <u>validity of this arbitration clause or the entire note, shall be resolved binding arbitration</u>..." (emphasis added).

11. Both Federal and Texas courts agree that the validity of the entire note shall be arbitrated if a valid arbitration clause is present. See <u>R.M. Perez & Associates, Inc. v. Welch</u>, 960 F.2d 534, 538 (5th Cir. 1992); <u>Babcock & Wilcox Co. v. PMAC, Ltd.</u>, 863 S.W.2d 225, 231 n. 3 (Tex. App.—Houston [14th Dist.] 1993, writ denied). In <u>R.M. Perez & Assoc., Inc. v. Welch</u>, plaintiffs claimed that they were fraudulently inducing into signing the contract in dispute which contained an arbitration clause. The Fifth Circuit held that if the fraud relates to the entire agreement, then the Federal Arbitration Act requires that the fraud claim be decided by an arbitrator. <u>Welch,</u> 960 F.2d at 538; see also <u>Babcock & Wilcox Co. v. PMAC, Ltd.</u>, 863 S.W.2d 225, 231 n. 3 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (citing <u>Welch</u> for the proposition that if the alleged fraud relates to the entire agreement, which is subject to an arbitration clause, the entire case must be decided by arbitration).

12. The agreement in question specifically provides and recognizes the applicability of the Federal Arbitration Act. There is no question that obtaining the home

equity loan affects interstate commerce, if for no other reason than Conseco is incorporated in the State of Delaware. Conseco has a main office in the State of Minnesota.

13. The definition of "commerce" found in the Federal Arbitration Act has been interpreted by the United States Supreme Court to cover contractual disputes when the underlying transaction requires the interstate flow of materials, supplies, services or personnel. Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 401 (1967). More recently, the United States Supreme Court recently held that "the words 'involving commerce' are broad and the functional equivalent of 'affecting.'" Allied-Bruce Terminex Cos. v. Dobson, 513 U.S. 265, 274 (1995). The Court held that "the word 'involving', like 'affecting', signals an intent to exercise Congress' commerce power to the full." Id. at 277. Likewise, the Austin Court of Appeals has broadly interpreted the phase "involving commerce" to include contracts that "affect" interstate commerce. See Blanks v. Midstate Constructors, Inc., 610 S.W.2d 220, 222-224 (Tex. Civ. App. – Austin 1980 writ ref'd n.r.e.). Citing Blanks, the Austin Court of Appeals held that an agreement between a municipal utility district and a contractor involved interstate "commerce" where the contractor purchased epoxy paint from an out of state supplier and the contractor's performance bond was issued by a surety company headquartered in another state. See Lost Creek Mun. Util. Dist. v. Travis Ind. Painters, Inc., 827 S.W.2d 103 (Tex. App. – Austin 1992, writ denied).

14. Although there is ample evidence of interstate activity in this case, substantial interstate activity is not required where, as here, the contract involves persons from different states, interstate travel, mail or transfer of materials. See Lost Creek, supra

at 105; <u>Dale E. Webb Constr. v. Richardson Hosp. Auth.</u>, 823 F.2d 145, 147-48 (5th Cir. 1987).

15. The Texas Supreme Court acknowledges that the Federal Arbitration Act is part of the substantive law of Texas. See <u>Capital</u>, at 23 and <u>Anglin</u>, at 271. Once it is established that the Federal Arbitration Act applies, a request for arbitration should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." See <u>United States Steel Workers of Am. v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582-583 (1960). "In the absence of an express provision excluding a particular grievance from arbitration....only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." See <u>AT&T Technologies, Inc. v. Communication Workers of America, Inc.</u>, 475 U.S. 643, 650 (1986) and <u>Lost Creek</u>, at 582-83, and <u>Lost Creek</u>, at 106. In the present case, the Federal Arbitration Act applies, and, because the claims asserted by Plaintiffs fall squarely within the arbitration clause of the contract, the Court should order this case to binding arbitration. Section 3 of the Federal Arbitration Act provides for a stay of any action until completion of the arbitration and Section 4 of the Federal Arbitration Act provides that the Court shall enter an order compelling the arbitration.

16. In addition, the Federal Arbitration Act specifically provides that in the event a suit or proceeding is referable to arbitration, the proceedings shall be stayed until the arbitration has been completed in accordance with the agreement [9 U.S.C.A. § 3 (1970)]. Accordingly, Conseco respectfully requests the Court to abate all claims asserted in the lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Conseco prays that the Court enter an order abating all claims asserted in this lawsuit and requiring Plaintiff to submit her claims to binding arbitration pursuant to the contractual provision contained in the Agreement, and that Conseco have such other and further relief to which it may be entitled.

Respectfully submitted,

HUGHES, WATTERS & ASKANASE, L.L.P.

_____
Rod Hardie; TBN: 08960500
Michelle W. Wan; TBN: 24033432
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354
713-759-0818 Telephone
713-759-6834 Facsimile
ATTORNEYS FOR DEFENDANT
CONSECO FINANCE SERVICING CORP.

### CERTIFICATE OF CONFERENCE

Attorney for Defendant, Rod Hardie, contacted the attorney for Plaintiff, John Ventura. Mr. Ventura is opposed to this motion.

_____
Rod Hardie

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28TH day of August 2002, a true and correct copy of the foregoing has been forwarded by certified mail, return receipt requested to:

John Ventura
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville, Texas 78521

Karen L. Kellett
Founders Square
900 Jackson Street, Suite 120
Dallas, Texas 75202
***Attorneys for Plaintiff***

                                                      Rod Hardie